In The United States District Court

For The Western District of Wisconsin

John F. Wright, Jr.,
    Plaintiff

v.

Case No. 17 C 679 wmc

Eric Glaum, Ismael Ozanne,
Chelsea Wetjen, Diane Schlipper,
Timothy Helmberger, Andra Nollendorfs,
Mario White, Patricia Sommer,
Ellen Berz, JoAnne Kloppenburg,
Paul Logan, Tammy Johnson,
Patience Roggensack, Shirley Abrahamson,
Ann Walsh Bradley, N. Patrick Crooks,
David Prosser, Jr., Annette Ziegler,
Michael Gableman,
    Defendants

A. Parties

1. Plaintiff, John F. Wright, Jr., is a citizen of the United States and is located at the Redgranite Correctional Institution, 1006 County Road EE, Redgranite, WI 54970.

2. Defendant, Eric Glaum, is a citizen of the United States and resides in the State of Wisconsin and worked for Town of Madison Police Department, 2120 Fish Hatchery Road, Madison, WI 53713.

    Defendants, Ismael Ozanne, Chelsea Wetjen,

Diane Schlipper, Timothy Helmberger, Andra Nollendorfs are citizens of the United States and reside in the State of Wisconsin and worked for the Dane County District Attorney's Office, 215 S. Hamilton - Room 3000, Madison, WI 53703.

Defendants, Mario White, Patricia Sommer are citizens of the United States and reside in the State of Wisconsin and worked for the Dane County Trial Office and/or the Appellate Division of the State Public Defender's, 17 S. Fairchild St., 2nd and 3rd Floor, Madison, WI 53707. (P.O. Box 7884 for Trial Office and P.O. Box 7862 for Appellate Div.)

Defendant, Ellen Berz is a citizen of the United States and resides in the State of Wisconsin and worked for Dane County Circuit Court (Branch 11), 215 S. Hamilton St., Madison, WI 53703.

Defendant, JoAnne Kloppenburg is a citizen of the United States and resides in the State of Wisconsin and worked for Wisconsin Court of Appeals, 110 East Main Street, Suite 215, (P.O. Box 1688) Madison, WI 53701.

Defendants, Paul Logan, Tammy Johnson are citizens of the United States and reside in the State of Wisconsin and worked for the Dane County Communications Center, City County Building - Room 109, 210 Martin Luther King, Jr., Blvd., Madison, WI 53703.

Defendants, Patience Roggensack, Shirley Abrahamson, Ann Walsh Bradley, N. Patrick Crooks, David Prosser, Jr., Annette Ziegler, Michael Gableman are

citizens of the United States and reside in the State of Wisconsin and worked for the Supreme Court of Wisconsin, 110 East Main Street, Suite 215, (P.O. Box 1688) Madison, WI 53701.

B. Statement of claim

I. Concerning Dane County Court Case No. 15CF1102 the state representatives, officials, and employees named herein conspired to violate the plaintiff's state and federal constitutional rights/protections and to date continue to do so.

(1) Who violated my rights.
a. All of the defendants violated my due process rights protected under U.S. Const. Amends. V, VI and XIV.
b. Each of the defendants named herein conspired to pollute my jury trial, preclude the jury from considering factual evidence, deceive the jury with perjured testimony/false documents, secure convictions based on the inaccurate information, use their authority/position/office to facilitate or conceal the (criminal) acts.

(2) and (3) what each defendant did and when they did it. Also (4) where they did it.

On May 27, 2015 at 7:56 am I called 911 for emergency assistance and reported that I'd been attacked by someone wielding a weapon. That person had already left the residence and also contacted 911. Town of Madison Police Officer, Eric Glaum, arrested me and took me to the Dane County Jail. I

have been incarcerated since that day.

On each of the following dates one or more of the defendants willfully deprived me of my constitutional rights/protections:

a) 6-11-2015, at my preliminary hearing, officer Glaum testified to the court that J. Jackson had a visible injury, and A.D.A. Wetjen did not correct this error in violation of; 18 USCS § 1623, 18 USCS Appx § 3C1.1, 18 USCS Appx § 3B1.3.

b) 11-11-2015, at my Revocation hearing officer Glaum testified that J. Jackson had a visible injury and that he did not know if R. Greenlaw had been interviewed by a detective from his police department. Both statements were untrue and given purposely with intent to deceive the hearing judge in violation of; 18 USCS § 1623, Appx § 3C1.1 and 3B1.3.

c) 7-2-2015, A.D.A. Diane Schlipper tampered with evidence, commissioning the alteration of my electronically recorded call to 911, and attempted to conceal this act by not reporting the agency that created and supplied this evidence. Until she fixed this piece of evidence, Glaum and Wetjen's incidences of misconduct were isolated incidents performed by seperate entities, but Schlipper's conduct on this day is demonstrative of a malicious prosecution in violation of; 42 USCS § 1983, 18 USCS § Appx. 3B1.1/USSG § 3B1.1.

d) 2-12-2016, a "Ludwig" hearing was held for the prosecution to make a final "plea" offer, which I rejected. After the hearing Schlipper contacted Glaum to meet at the Dane County District Attorney's Office for "trial preparation". During this meeting, which included J. Jackson and R. Greenlaw,

Schlipper tampered with each witness, corruptly persuading them to testify untruthfully, and specifically asked Glaum to bring a Town of Madison Police Department document (CAD Notes) so she could show them all how she would deceive the jury into believing it represented information recorded by a different agency in violation of; 42 USCS §1983, 1985, 1986, 18 USCS Appx § 3B1.1 / USSG § 3B1.1 and because Glaum reported that Schlipper "led" the interview of R. Greenlaw, she forfeited absolute prosecutorial immunity according to; Tillman v. Burge, 813 F. Supp. 2d 946.

e) 2-12-2016 - 2-17-2016, defense attorney, Mario White came to the Dane County Jail with the altered version of my call to 911 and after I'd told him it wasn't my complete conversation with the 911 operator and there was a lot missing, White advised me that it didn't matter because the altered version was enough. At that time I did not understand, that White was testing me to find out if I knew how serious of a violation it was for the prosecution not to turn over the complete call, or for him not to address the court about their non-compliance with my Demand for Discovery. I didn't know and White proceeded as if everything was fine. Now, that I do know how serious of a violation it is, it is clear as crystal that White knew and the only logical conclusion to be made based on his inaction is that he was a willing co-conspirator of the malicious prosecution in violation of; USCS §1986(42), 18 USCS Appx § 3B1.3.

f) 2-17-2016, at my jury trial A.D.A. Schlipper led Glaum in a line of questioning, that involved perjury and the presentation of

false evidence. Glaum testified that I called 911 at 7:58 and 33 seconds in the "a.m." and Schlipper handed him the Town of Madison P.D.'s CAD Notes (document) to confirm what he said was true. It wasn't true and yet Schlipper built the prosecution's entire case around the inaccurate timeline. The altered version of my call to 911 for emergency assistance was also played at this trial, all in violation of; 42 USCS §1983, 1986, 18 USCS Appx § 3C1.1, 18 USCS § 1623.

g) 10-19-2016 - 12-12-2016, Patricia Sommer, appellate attorney, sent an email to A.D.A. Helmberger asking for the original version of my call to 911 and claims that the call was destroyed at the 911 "center" because they don't keep recordings past 120 days. Sommer claimed she was given this information by Paul Logan and Tammy Johnson, in her notes of her investigation, and ultimately failed to secure the taped 911 call. Sommer sent me a letter claiming she could not find an arguable issue in my transcripts and would file to withdraw as counsel. She admitted to viewing evidence of Glaum's perjured testimony in the same letter. Sommer's refusal to expose the obvious misconduct by Glaum, Schlipper, and White, while being untruthful about her investigation of the 911 evidence confirmed her role as a co-conspirator to the malicious prosecution I'd been subjected to in violation of; 42 USCS §1983, 1986, 18 USCS Appx § 3C1.1.

h) 1-10-2017, during Sommer's motion to withdraw hearing, presiding judge, Ellen Berz, asked A.D.A. Timothy Helmberger if the prosecution turned over all of the 911 evidence concerning the taped calls and he answered that they did. He knew this

was not true, that the rest of my 911 call was still missing as it is to date, but told the court everything went in to the evidence anyway in violation of; 42 USCS § 1983, 1986, 18 USCS Apex § 3C1.1.

i) 2-22-2017, during the "Machner" evidentiary hearing I presented a photograph of my cell phone displaying that my call to 911 was made at 7:56 am, which belied Glaum's trial testimony, and raised claims against against my defense counsel and the prosecuting attorneys but judge Berz did not require anyone to respond on record to my allegations or evidence presented. Berz did not even require White or Sommer to attend and answer allegations of ineffective assistance of counsel. Berz subjected me to that ambushed-styled hearing and ignored clear and concise evidence of justice miscarried during the trial, because she intended to discourage me from pursuing the matter further and to substantiate her co-conspirator's misconduct in violation of; Wis. Stat. § 757.81(4)(a) and (b), Sup. Ct. R. 60.01(1), (3), (6), 60.17, 42 USCS § 1983, 1986, 18 USCS Apex. § 3B1.3.

j) 5-21-2017, filed a motion for relief pending appeal to the Appeals Court, District IV, and Judge JoAnne Kloppenburg. I'd provided Kloppenburg with, what's considered a "dead bang winner" in legal circles, Town of Madison Police Department's Chief of Police, Scott Gregory's, signed statement. Since the Chief fully exposed how the prosecution used his officer and his department's CAD Notes, to deceive the jury at my trial concerning material facts of the controversy, Kloppenburg was constitutionally bound to act on my behalf and grant the

relief I'd requested. She did not, in violation of; Wis. Stat. § 757.81(4)(a) and (b), Sup. Ct. R. 60.01(1), (3), (6), 60.17, 42 USCS § 1983, 1986, 18 USCS Appx 3B1.3.

k) 6-15-2017, Open Records Request submitted to the Dane County Communications Center for everything they have regarding the taped audio recordings of the 911 calls pertaining to Dane County Court Case No. 15CF1102 and they did not respond. Not Logan, the Operations Manager, or Johnson. By failing to acknowledge my request, these defendants confirmed their involvement in the malicious prosecution, by attempting to conceal Schlipper's tampering in violation of; Wis. Stat. § 19.35(4)(a), 42 USCS § 1983, 1986, 18 USCS Appx. § 3C1.1.

l) 6-15-2017 and 7-13-2017, I filed a motion for an Original Action in June and for Reconsideration in July to the Supreme Court of Wisconsin because the packet I received as a "pro se" litigant states: "The original jurisdiction of the Supreme Court can also be invoked when there is a showing made that a citizen is wrongfully deprived of his or her liberty...". Even though, one of their own, and a fellow representative of the state provided unequivocal proof that my constitutional rights had been violated the Chief Justice and her fellow justices denied my motions, mockingly so and in violation of; Wis. Stat. § 757.81(4)(a) and (b), Sup. Ct. R. 60.01(1), (3), (6), 60.17, 42 USCS § 1983, 1986, 18 USCS Appx § 3B1.3.

(5) Why they did it.

I believe they pursued this course of action, because under the

Pg. 9

direction of Ismael Ozanne this is merely the standard operating procedure concerning the prosecution of an African-American man arrested for a crime in Dane County. In April, before Chief Gregory had exposed the conspiracy, I wrote Ozanne and apologized for failing to notify him of his subordinate's actions prior to going "public". I asked him to turn over the rest of my 911 call to the court, along with a motion to dismiss/vacate the case, and he never responded. He didn't respond for the exact same reason he sanctioned the conspiracy and malicious prosecution in the first place - I don't qualify for the legal consideration a United States citizen is supposed to receive because of my skin color, socio-economic status, and prior criminal record. I called 911 for assistance and because I don't qualify, I received a prison sentence instead. But, not everyone aspires to bigotry, which is why Chief Gregory, after being propositioned to join the malicious prosecution, told me the truth and told them they had to lie in the bed they'd made for themselves - by themselves. I presented immutable proof of justice miscarried to the "higher and highest" courts in Wisconsin, and because I don't qualify they "rubber stamped" the words "denied" and "dismissed" on each motion. Diane Schlipper committed felonies to secure a conviction and all of the other defendants named herein, as key facilitators, are complicit to each act. Why have I been subjected to this form of what can only be considered a "legalized abduction" by the defendants? Predation fueled by hate.

It's the defendants standard operating procedure to

Subject an African-American male to biased policing, selective/malicious prosecution, judicial misconduct and violations of his inherent constitutional rights/protections because in their hearts/minds <u>we</u> don't qualify for the legal considerations United States citizens and Wisconsin residents are supposed to receive.

## C. Why this case belongs in federal court (jurisdiction)

1. I bring this claim pursuant to the following federal statutes: 28 USCS §1331, 28 USCS §1343 (a)(1) and (2)

## D. Relief wanted

1. Actual damages
   a) $135,000 from each of the defendants for 3 years loss of wages (I.e. Medical Transit position, Small Business earnings, Book deal earnings) and accrued debt (I.e. Child Support owed to dependants, Defaulted car loan, Court Costs, Legal Fees, etc.).
2. Punitive damages
   a) $1,000,000 from the defendants employers, for each act of misconduct, committed by each defendant while acting under the authority their official position afforded them.
   b) $100,000 from each of the defendants for the irreversible psychological damages incurred and unforseen

future pain and suffering as a result of their actions against the plaintiff.

3. Community enhancement

a) Voluntary resignations to be submitted to their employers, by each defendant, immediately to make room for a new culture of "blind justice" to be ushered in and replace the current predatory system.

b) Each defendant and all known associates refrain from making any negative comments about the plaintiff in public or on any public platform.

E. Jury Demand

1. YES. I do want my case decided by a jury.

Respectfully Submitted,

*John F. Wright Jr*

8/28/17

John F. Wright Jr
#392037
Redgranite Corr. Inst.
P.O. Box 925
Redgranite, WI 54970
54970