IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN F. WRIGHT,

      Plaintiff,

  v.

ERIC GLAUM, et al.,

      Defendants.

ORDER

Case No. 17-cv-679-wmc

Plaintiff John Wright brings this proposed civil action under 42 U.S.C. § 1983, claiming that various law enforcement officers, prosecutors and judges violated numerous state and constitutional rights in connection with their involvement in his 2015 criminal proceedings. Having been permitted to proceed *in forma pauperis*, Wright's complaint requires screening. 28 U.S.C. § 1915(e)(2). For the reason explained below, however, the court concludes that this lawsuit must be dismissed under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

ALLEGATIONS OF FACT[1]

Plaintiff John Wright filed this lawsuit when still incarcerated, but he is currently living in Madison, Wisconsin. Defendants are the various police officers, assistant district

---

[1] As reflected below, the court supplements the allegations in the amended complaint with dates and information about plaintiff's underlying criminal cases from the electronic docket available at Wisconsin Circuit Court Access, https://wcca.wicourts.gov. The court draws all other allegations of fact from plaintiff's exhibits attached to his pleadings, viewing the record in a light most favorable to plaintiff. *See* FED. R. CIV. P. 10(c); *see also Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004) (explaining that documents attached to the complaint become part of the pleading, meaning that a court may consider them to determine whether plaintiff has stated a claim).

attorneys, public defenders and state court judges that were involved in the various stages of Wright's criminal proceedings.

In 2015, Wright was charged in a criminal complaint with: strangulation and suffocation in violation of Wis. Stat. § 940.235(1); battery in violation of Wis. Stat. § 940.19(1); and disorderly conduct in violation of Wis. Stat. § 947.01(1). A jury found him guilty on the battery and disorderly conduct charges, and not guilty on the strangulation and suffocation charge. *State v. Wright*, Case No. 2015CF1102 (Dane Cnty. Cir. Ct. May 29, 2015). Wright received a total sentence of two years of imprisonment followed by two years of extended supervision.

Wright sought an adjustment to his sentence in 2017. That request was denied by the Dane County Circuit Court, which the Wisconsin Court of Appeals summarily affirmed on June 6, 2018. Wright does not appear to be appealing that decision to the Wisconsin Supreme Court.

OPINION

In this lawsuit, plaintiff seeks leave to proceed on a claim that various defendants conspired to: pollute his jury trial; preclude the jury from considering factual evidence; deceive the jury with perjured testimony and false documents; secure convictions based on inaccurate information; and used their positions to facilitate or conceal those criminal acts. While a number of the defendants in this lawsuit (prosecutors and judges) are immune from liability for monetary damages, plaintiff's complaint suffers from an overarching, fundamental defect requiring dismissal under *Heck*. Indeed, because the central focus of plaintiff's challenge here is to the constitutionality of his criminal conviction, his suit is

plainly barred by the United States Supreme Court's decision in *Heck*.

As explained in *Heck*, a plaintiff is precluded from bringing claims for damages if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his [state criminal] conviction or sentence." 512 U.S. at 486. This bar applies unless the underlying conviction or sentence is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Since nothing in plaintiff's pleadings or the publicly available information suggests plaintiff's conviction been invalidated or called into question, this lawsuit is barred.

## ORDER

IT IS ORDERED that:

1. Plaintiff's claims are DISMISSED pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

2. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 5th day of November, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge